WESTERN LAND & EMIGRATION CO. *v.* GUINAULT *et al.*

(*Circuit Court, E. D. Louisiana.*  January 24, 1889.)

EQUITY—MULTIFARIOUSNESS.

Where the same relief is asked against several defendants, and all based on the same transaction, and it appears that, unless they can be joined in one bill. 70 or 80 suits, all growing out of the same character of transactions, will have to be brought, the bill will not be held bad for multifariousness.

In Equity.  On motion for injunction *pendente lite.*

E. *Howard McCaleb* and *W. H. Smith,* for complainant.

*S. L. Gilmore* and *Wynn Rogers,* for defendants.

PARDEE, J.  This cause has been submitted on a motion for an injunction *pendente lite.*  The defendant's main objection is that the bill is multifarious.  The general rule with regard to multifariousness is clearly stated in Coop. Eq. Pl. 182, as follows:

"The court will not permit several plaintiffs to demand by one bill several matters perfectly distinct and unconnected against one defendant, nor one plaintiff to demand several matters of distinct natures against several defendants."

But Mr. Cooper, in commenting on this rule, allows that there are many exceptions, mainly for the purpose of preventing a multiplicity of suits, and where the rights claimed grow out of the same transaction. Justice Story, in commenting upon the same question, says:

"A bill is not to be treated as multifarious because it joins two good causes of complaint growing out of the same transaction, where all the defendants are interested in the same claim of right, and where the relief asked in relation to each is of the same general character.  *  *  *  Indeed, the objection of multifariousness, and the circumstances under which it will be allowed to prevail or not, is in many cases, as we shall hereafter see, a matter of discretion, and no general rule can be laid down on the subject."  See Story, Eq. Pl. § 284.

In this case the same relief is asked against the several defendants, and all based upon the same transactions.  Unless they can be joined in one bill, a multiplicity of suits,—70 or 80,—all growing out of the same character of transactions, would have to be brought.  Therefore the objection of multifariousness, in my opinion, ought not to be allowed.  On the other grounds of opposition to the injunction *pendente* as prayed for, in order that the question may be presented fully, and the *status quo* maintained, (without committing myself to a fixed opinion,) I am inclined to think that the injunction should issue, and it is so ordered.